**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

**0** Valuation of Security          **0** Assumption of Executory Contract or Unexpired Lease          **0** Lien Avoidance

**Last revised: September 1, 2018**

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re:          **Luis Vicente Burgos**                                   Case No.:                          **17-35354**
                                                                          Judge:          **Hon. Christine M. Gravelle, U.S.B.J.**

                              Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS

☐ Original                    ☑ Modified/Notice Required          Date:          **September 4, 2018**
☐ Motions Included            ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

### YOUR RIGHTS MAY BE AFFECTED

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

> **The following matters may be of particular importance. *Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

THIS PLAN:

☐ DOES ☑ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☑ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☑ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

1

Initial Debtor(s)' Attorney  **JMG**          Initial Debtor:  **LVB**          Initial Co-Debtor _____

## Part 1:  Payment and Length of Plan

     a.  The debtor shall pay  **300.00  Monthly**  to the Chapter 13 Trustee, starting on  **October 1, 2018**  for approximately **36** months.

     b.  The debtor shall make plan payments to the Trustee from the following sources:
- ☑ Future Earnings
- ☑ Other sources of funding (describe source, amount and date when funds are available):**Plus non-exempt equity from sale of property.  Michael Burgos secured claim ($21,460.35) to be paid in full at time of sale with no distribution through Plan.  Unsecured claim is disputed and will be resolved via sale of Property.**

     c.  Use of real property to satisfy plan obligations:
- ☑ Sale of real property
  Description:**53 Frederick Place, Keansburg, NJ  07734**
  Proposed date for completion:       **7/31/2020**

- ☐ Refinance of real property:
  Description:
  Proposed date for completion:

- ☐ Loan modification with respect to mortgage encumbering property:
  Description:
  Proposed date for completion:

     d.   ☐   The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

     e.   ☑   Other information that may be important relating to the payment and length of plan:
**Debtor income includes Social Security income exempt pursuant to 42 U.S.C. § 407.**

## Part 2:  Adequate Protection                    **X** NONE

     a.  Adequate protection payments will be made in the amount of $___ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ___ (creditor).

     b.  Adequate protection payments will be made in the amount of $___ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ___ (creditor).

## Part 3:  Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **Justin M. Gillman, Esq.** | **Attorney Fees** | **6,509.00** |
| **Daniel E. Straffi, Esq.** | **Administrative expenses** | **6,084.57** |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
☑ None
☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | | | |

## Part 4: Secured Claims

### a. Curing Default and Maintaining Payments on Principal Residence: ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

### c. Secured claims excluded from 11 U.S.C. 506: ☑ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

### d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ☑ NONE

1.)  The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

3

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e.  Surrender ☑ NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| | | | |

**f.  Secured Claims Unaffected by the Plan ☐ NONE**

The following secured claims are unaffected by the Plan:

Creditor
**Michael Burgos**

**g.  Secured Claims to be Paid in Full Through the Plan ☑ NONE**

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| | | |

## Part 5:  Unsecured Claims      ☐ NONE

a. **Not separately classified**  allowed non-priority unsecured claims shall be paid:

☑      Not less than $ __16,496.93__ to be distributed *pro rata*

☐      Not less than ___ percent

☐      *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| **Michael Burgos** | **Disputed Unsecured Claim ($17,500.00) Subject to resolution** | **Outside Plan** | **0.00** |

## Part 6:  Executory Contracts and Unexpired Leases      ☒ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| | | | | |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

## Part 7:  Motions    ☒ NONE

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal,* within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

### a.  Motion to Avoid Liens under 11 U.S.C. Section 522(f). ☑ NONE
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

### b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured. ☑ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

### c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured. ☑ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

## Part 8:  Other Plan Provisions

### a. Vesting of Property of the Estate
☑ Upon Confirmation
☐ Upon Discharge

### b. Payment Notices
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

### c. Order of Distribution

The Standing Trustee shall pay allowed claims in the following order:
1) Ch. 13 Standing Trustee Commissions
2) **Other Administrative Claims**
3) **Secured Claims**
4) **Lease Arrearages**

5

5)   **Priority Claims**

6)   **General Unsecured Claims**

### d.  Post-Petition Claims

The Standing Trustee ☐ is, ☑ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

| Part 9:  Modification   ▌ NONE |
|---|

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified:**11/28/2018**.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| **Extend date to complete sale of property.** | **Extend date to complete sale of property.** |

Are Schedules I and J being filed simultaneously with this Modified Plan?   ☐ Yes   ☑ No

| Part 10 :  Non-Standard Provision(s): Signatures Required |
|---|

Non-Standard Provisions Requiring Separate Signatures:

☑ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

| Signatures |
|---|

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to *Local Form, Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date:   **February  4, 2020**                              /s/ **Luis Vicente Burgos**

                                                                          **Luis Vicente Burgos**

                                                                          Debtor

Date:   _____

                                                                          Joint Debtor

Date    **February  4, 2020**                              /s/ **Justin M. Gillman, Esq.**

                                                                          **Justin M. Gillman, Esq.**

                                                                          Attorney for the Debtor(s)

6

United States Bankruptcy Court
District of New Jersey

In re:                                                          Case No. 17-35354-CMG
Luis Vicente Burgos                                             Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3          User: admin              Page 1 of 1              Date Rcvd: Feb 05, 2020
                             Form ID: pdf901           Total Noticed: 19


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 07, 2020.
db           +Luis Vicente Burgos,   146 Porter Avenue,   Bergenfield, NJ 07621-3218
acc          +Bederson, LLP,   347 Mt. Pleasant Avenue,   West Orange, NJ 07052-2749
r            +Raritan Bay Realty,   1314 Englishtown Rd,   Old Bridge, NJ 08857-1580
517234577    ++BANK OF AMERICA,   PO BOX 982238,   EL PASO TX 79998-2238
              (address filed with court:  Bank of America,   PO Box 982238,   El Paso, TX  79998)
517625248    +Bank of America, N.A.,   P O Box 982284,   El Paso, TX 79998-2284
517234579    +Chase Card/ Line of Credit,   PO Box 15298,   Wilmington, DE 19850-5298
517742232    +Michael Burgos,   130 Seaman Ave.,   Beachwood, NJ 08722-2818
517234576    +Midland Mortgage,   PO Box 268959,   Oklahoma City, OK 73126-8959
517743027    +Midland Mortgage Co,   999 NW Grand Blvd,   Oklahoma City, OK 73118-6051
517234580    +Sears/CNBA,   PO Box 6282,   Sioux Falls, SD 57117-6282
517868883    +Straffi & Straffi LLC,   670 Commons Way,   Toms River, NJ 08755-6431
517234581    +The Home Depot,   PO Box 6497,   Sioux Falls, SD 57117-6497
517234582    +Universal CD CBNA ATT,   PO Box 6241,   Sioux Falls, SD 57117-6241

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg           E-mail/Text: usanj.njbankr@usdoj.gov Feb 06 2020 00:21:56      U.S. Attorney,   970 Broad St.,
               Room 502,   Rodino Federal Bldg.,   Newark, NJ  07102-2534
smg          +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Feb 06 2020 00:21:54      United States Trustee,
               Office of the United States Trustee,   1085 Raymond Blvd.,   One Newark Center,   Suite 2100,
               Newark, NJ 07102-5235
517513572     E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Feb 06 2020 00:27:23
               Capital One Bank (USA), N.A.,   PO Box 71083,   Charlotte, NC  28272-1083
517234578    +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Feb 06 2020 00:27:23      Capital One Bank USA,
               PO Box 30281,   Salt Lake City, UT 84130-0281
517635785     E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Feb 06 2020 00:28:19
               Portfolio Recovery Associates, LLC,   c/o BP,   POB 41067,   Norfolk VA 23541
517261726    +E-mail/PDF: gecsedi@recoverycorp.com Feb 06 2020 00:29:04      Synchrony Bank,
               c/o of PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
                                                                                      TOTAL: 6


          ***** BYPASSED RECIPIENTS *****
NONE.                                                                       TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 07, 2020                              Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 4, 2020 at the address(es) listed below:
        Albert  Russo   on behalf of Trustee Albert  Russo docs@russotrustee.com
        Albert  Russo   docs@russotrustee.com
        Daniel E Straffi   on behalf of Trustee Daniel E. Straffi bktrustee@straffilaw.com,
         G25938@notify.cincompass.com;familyclient@straffilaw.com;bktrustee@straffilaw.com;dstraffi@ecf.ax
         osfs.com
        Daniel E. Straffi   on behalf of Trustee Daniel E. Straffi bkclient@straffilaw.com,
         G25938@notify.cincompass.com;familyclient@straffilaw.com;bktrustee@straffilaw.com
        Justin M Gillman   on behalf of Debtor Luis Vicente Burgos ecf@gbclawgroup.com,
         R47252@notify.bestcase.com,e4eaf5f23@maildrop.clio.com
        Rebecca Ann Solarz   on behalf of Creditor  MIDFIRST BANK. rsolarz@kmllawgroup.com
        U.S. Trustee   USTPRegion03.NE.ECF@usdoj.gov
                                                                        TOTAL: 7