UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-2(c)**

Gillman, Bruton & Capone, LLC
770 Amboy Avenue
Edison, NJ 08837
(732) 661-1664
Attorney for Debtor
By: Justin M. Gillman, Esq.

**Order Filed on September 3, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In Re:

    Luis Burgos

                      Debtors

Case No.: 17-35354

Judge: Hon. Christine M. Gravelle, U.S.B.J.

Chapter: 13

Hearing Date: 8/19/2020

### ORDER AUTHORIZING SALE OF PROPERTY AT 53 FREDERICK PLACE, KEANSBURG, NEW JERSEY 07734 PURSUANT TO 11 U.S.C. § 363; AND WAIVING 14 DAY STAY OF ORDER

The relief set forth on the following pages, numbers two (2) through seven (7) is hereby ORDERED.

**DATED: September 3, 2020**

_____
Honorable Christine M. Gravelle
United States Bankruptcy Judge

- 1 -

THIS MATTER having been brought before the Court by way of the Debtor's Motion for an Order Authorizing the Debtor to sell the Debtor's Interest in the Property at 53 Frederick Place, Keansburg, New Jersey 07734, Tax Lot 33, Tax Block 173 in the Borough of Keansburg, County of Monmouth, New Jersey ("Property") pursuant to 11 U.S.C. §363(b) for the sum of $50,000.00; Justin M. Gillman, Esq., Gillman Bruton & Capone, LLC, appearing for the Debtors; and Notice of the within Motion having been given and parties having been given timely Notice of the Motion; and the Court having considered the submissions to it; and for Good Cause Shown;

WHEREAS, the Court having found as follows:

1. THAT the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue of this case and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. THAT as evidenced by the certificates of service filed with the Court, and based on the representations of counsel at the Sale Hearing: (i) proper, timely, adequate and sufficient notice of the Motion and the Sale Hearing has been provided in accordance with Section 102(1), and 363 of the Bankruptcy Code and Fed. R. Bankr. P. 2002, 6004, 6006, 9007 and 9014; (ii) such notice was good, sufficient and appropriate under the particular circumstances; and (iii) no other or further notice of the Motion, the Sale Hearing or the entry of this Order shall be required.

3. THAT the offer to purchase the Property is the highest and best offer received for the Property. The purchase price to be paid by Purchaser is fair and constitutes reasonably equivalent value for the Property.

4. THAT Purchaser is a purchaser in good faith, as that term is used in §363(m) of the Bankruptcy Code, with respect to the Property. The Contract for the Sale of the Property was negotiated, proposed and entered into by the parties in good faith, from arm's length bargaining positions and without collusion and, therefore, Purchaser is entitled to the protections of §363(m) of the Bankruptcy Code with respect to the Property. Neither the Debtor nor the Purchaser have engaged in any conduct that would cause or permit the Sale to be voided under Section 363(n) of the Bankruptcy Code.

5. THAT the Debtor has articulated sound business reasons, as set forth in the Motion, for consummating the Sale of the Property, and it is a reasonable exercise of the Debtors' business judgment to consummate the Sale.

6. THAT the Debtor may sell, transfer and assign the Property to the Purchaser, in accordance with §363(f) of the Bankruptcy Code. As a condition to purchasing the Property, Purchaser requires that: (a) the Property be sold free and clear of all Liens and Claims; and (b) Purchaser shall have no liability whatsoever for any obligations of or claims (including without limitation as defined in Section 101(5) of the Bankruptcy Code) against the Debtor, except as specifically provided in the Contract between the Debtor and Purchaser. Purchaser would not enter into the Contract and consummate the transaction to purchase the Property, thus adversely affecting the Debtors' estates, if the sale to Purchaser was not free and clear of all Liens and Claims or if Purchaser was or would be liable for any obligations of or claims (including without limitation as defined in Sections 101(5) of the Bankruptcy Code) against the Debtor, except as otherwise explicitly provided in the Contract between the Debtor and Purchaser.

7. THAT the Debtor, Luis Burgos is the lawful owner of the Property. Accordingly, the transfer of the Property to Purchaser is or will be a legal, valid and effective transfer of the Property, and will vest Purchaser with all right, title and interest in and to the Property, except those explicitly and expressly assumed by Purchaser in the Contract between the Debtor and Purchaser.

8. THAT all objections to the Motion and the relief requested therein that have not been withdrawn, waived or settled, and all reservations of rights included in such objections, are either resolved or overruled on the merits and denied.

AND WHEREAS no liens on the Property were found to exist.

IT IS ORDERED AS FOLLOWS:

9. THAT pursuant to §363(b) of the Bankruptcy Code, the Debtor is hereby authorized to sell and transfer the Property to Purchaser pursuant to and in accordance with the terms and conditions of the Contract and to take all other action as is necessary to effectuate all the terms of and to consummate the transaction, including to execute and deliver all documents, without any further corporate authorization or Court Order.

10. THAT Purchaser is hereby directed to comply with all provisions of the Contract, including the delivery of the Purchase Price to the Debtor on the Closing Date.

11. THAT the sale and transfer of the Property to Purchaser constitutes a legal, valid and effective transfer and shall vest Purchaser with all right, title and interest of the Debtor in and to the Property.

12. THAT this Order shall be binding upon, and shall inure to the benefit of the Debtor, Purchaser and their respective successors and assigns, including, without limitation, any Chapter 13 trustee hereinafter appointed for the Debtors.

13. THAT each and every federal, state, and local governmental agency, recording office or department and all other parties, persons or entities is hereby directed to accept this Order for recordation as conclusive evidence of the free and clear and unencumbered transfer of title to the Assets conveyed to Purchaser.

14. THAT the provisions of this Order authorizing the sale of the Property and Assets shall be self-executing.

15. THAT Purchaser shall be entitled to the protection of §363(m) of the Bankruptcy Code if this Order or any authorization contained herein is reversed or modified on appeal.

16. THAT as provided by Fed. R. Bankr. P. 6004(g), 6006(d) and 7062, this Order shall be effective and enforceable immediately upon its entry, and the sale approved by this Order may close immediately upon entry of this Order, notwithstanding any otherwise applicable waiting periods.

18. THAT to the extent that there are any other liens on the Property which are not addressed herein, funds shall be held in escrow pending further Order of this Court.

19. THAT Court approval of the sale is expressly conditioned upon the Chapter 13 Trustee, his successors and or assigns, being granted a valid Assignment of Mortgage and Note from the Debtor. The Assignment of Mortgage shall be properly recorded by the Trustee. The Trustee shall provide a Release of the Assignment of Note and Mortgage upon Debtor's completion of his chapter 13 Plan and closing of the case. The Chapter 13 Trustee, his successors and assigns, shall be an additional insured and loss payee on the title policy and homeowner's insurance policy of the Buyer after the completion of the closing.

20. THAT, at the closing on the sale of the Property, Michael Burgos, the Buyer, shall receive a credit for the sum of $25,000.00 against the purchase price which shall act to reduce the net proceeds to the Debtor at the time of sale. This credit relates to the Proof of Claim of Michael Burgo (Court Claim No. 6) in the amount of $38,960.35 filed in this case. Upon completion of the sale, the Claim of Michael Burgo (Court Claim No. 6) in the amount of $38,960.35 shall be deemed satisfied with no distribution on this claim to be paid through the Chapter 13 Plan.

21. THAT the remaining net proceeds shall be distributed as follows:

   a. $10,000.00 shall be paid to the Standing Chapter 13 Trustee.

   b. Gillman, Bruton & Capone, LLC, counsel for Debtor in the bankruptcy case, may provide an estimated amount of supplemental fees for which it will seek allowance by the Court at the time of closing. To the extent that any such funds exist, said amount shall be held in the trust account of counsel for the Debtors until this Court enters an Order Allowing Fees. Should there be no funds available for the estimated fees, Gillman, Bruton & Capone, LLC, counsel for Debtor, shall seek that any allowed fees be paid through the Chapter 13 Plan as an administrative priority subject to entry of an Order Allowing such fees by this Court.

22. THAT the sale of the Debtor's property is made in accordance with 11 U.S.C. §363 and therefore there shall be no payment of the Realty Transfer Tax at the time of closing as the sale of the Debtor's Property is made "by a receiver, trustee in bankruptcy or liquidation, or assignee for the benefit of creditors" in accordance with N.J.S.A. §46:15-10(g).

23. THAT all parties who have liens or other interests in the Property having been served in accordance with Bankruptcy R. 6004 and 9014, the 14-day stay of this Order provided for by Bankr. Rule 6004(h) is hereby WAIVED.

24. THAT a true copy of this Order shall be served on all parties-in-interest by regular, first class mail within seven (7) days of the date hereof.

United States Bankruptcy Court
District of New Jersey

In re:  
Luis Vicente Burgos  
    Debtor

Case No. 17-35354-CMG  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0312-3        User: admin              Page 1 of 1              Date Rcvd: Sep 03, 2020
                            Form ID: pdf903          Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 05, 2020.
db             +Luis Vicente Burgos,    146 Porter Avenue,    Bergenfield, NJ 07621-3218

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                TOTAL: 0

    ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 05, 2020                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 3, 2020 at the address(es) listed below:
      Albert   Russo    on behalf of Trustee Albert   Russo docs@russotrustee.com
      Albert   Russo    docs@russotrustee.com
      Daniel E Straffi    on behalf of Trustee Daniel E. Straffi bktrustee@straffilaw.com,
       G25938@notify.cincompass.com;familyclient@straffilaw.com;bktrustee@straffilaw.com;dstraffi@ecf.axosfs.com
      Daniel E. Straffi    on behalf of Trustee Daniel E. Straffi bkclient@straffilaw.com,
       G25938@notify.cincompass.com;familyclient@straffilaw.com;bktrustee@straffilaw.com
      Justin M Gillman    on behalf of Debtor Luis Vicente Burgos ecf@gbclawgroup.com,
       R47252@notify.bestcase.com,e4eaf5f23@maildrop.clio.com;jgillman@ecf.courtdrive.com
      Rebecca Ann Solarz    on behalf of Creditor    MIDFIRST BANK. rsolarz@kmllawgroup.com
      U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                                                TOTAL: 7